■ Jose Robles, Appellant, v City of New York, Defendant, and New York City Transit Authority et al., Respondents. [679 NYS2d 340] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 10, 1997, as granted that branch of the motion of the defendants New York City Transit Authority and Staten Island Rapid Transit Authority which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow or ice during a storm upon a showing that it had actual or constructive notice of the dangerous condition and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures (*see, Urena v New York City Tr. Auth.*, 248 AD2d 377; *see also, Newsome v Cservak,* 130 AD2d 637; *Valentine v City of New York,* 86 AD2d 381, 384, *affd* 57 NY2d 932). The plaintiff's allegation that the respondents had constructive notice of the ice patch upon which he allegedly fell or that there was a reasonably ample amount of time to remedy the situation is based only upon speculation. Accordingly, the court properly granted summary judgment to the respondents (*see, Simmons v Metro. Life Ins. Co.,* 84 NY2d 972; *Bertman v Board of Mgrs.,* 233 AD2d 283; *Jornov v Ace Suzuki Sales & Serv.,* 232 AD2d 855; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.