■ ROSE LEVY et al., Appellants, v CUMBERLAND FARMS, INC., Respondent. [702 NYS2d 637] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 17, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Rose Levy slipped and fell on a short asphalt ramp which extended from the sidewalk adjacent to the

defendant's store into a parking lot. In their complaint, the plaintiffs alleged, *inter alia*, that the ramp was negligently constructed and maintained. The defendant's motion for summary judgment should have been denied, as its submissions were inadequate to prove as a matter of law that the ramp did not present a dangerous condition (*see, McGowan v Villa Maria Coll.,* 185 AD2d 674). Moreover, the evidence presented by the plaintiffs in opposition to the motion was sufficient to create triable issues of fact as to the defendant's liability (*see, Reynolds v Sead Dev. Group,* 257 AD2d 940). O'Brien, J. P., Goldstein and Luciano, JJ., concur.

Sullivan, J., dissents and votes to affirm the order appealed from with the following memorandum, in which Feuerstein, J., concurs: Since my reading of the record convinces me that the decision of the trial court granting summary judgment to the defendant was correct, I respectfully dissent.

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon his property, it must be established, *inter alia*, that a defective condition existed (*see, Thomas v Phillips,* 246 AD2d 531; *Castellito v Atlantic & Pac. Co.,* 244 AD2d 379, 380). In this case, the Supreme Court correctly found that the defendant sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by showing that there was no defective condition that in any way accounted for the injured plaintiff's fall.

The defendant's motion was predicated upon the complaint, the plaintiffs' original and supplemental bills of particulars, the deposition testimony of the injured plaintiff, her husband, and the defendant's Area Sales Manager, Michael Conklin, as well as the unsworn and unsigned statement of Eugene Greco, a former general manager of the defendant, taken by the plaintiffs' investigator, and the report of the plaintiffs' expert. It is undisputed that the accident occurred on an asphalt ramp that ran from the curb in front of the defendant's store to the parking lot. Although the injured plaintiff alleges that this ramp constituted a hazard and a trap, she never testified as to how the ramp was in any way defective. According to her deposition, she did not slip or trip on the ramp, but simply lost her footing because it was not the step she expected when she stepped off the curb. Her husband, who did not see her fall, looked at the ramp afterwards but did not see any part of the ramp broken, nor did he see any loose asphalt, gravel, or liquid on the ramp.

To defeat this prima facie showing, the plaintiffs were

required to submit evidence in admissible form, which would sufficiently raise an issue of fact as to the existence of a defect in that ramp. This the plaintiffs failed to do. The injured plaintiff's affidavit simply stated that "my foot made contact with the asphalt before I had expected, I lost my balance and fell". Her husband's affidavit said, without giving any basis for his opinion, simply that although he didn't notice the ramp, he would not have wanted her to walk down that ramp. This was insufficient to show the existence of an issue of fact as to a defect. Moreover, the affidavit and report of the plaintiffs' expert did not aid the plaintiffs' cause. The report was based on unverified photographs and measurements allegedly taken by the plaintiffs' investigator. In addition, it was based upon an analysis of the requirements of the New York State Uniform Fire Prevention and Building Code which are applicable only to facilities for the physically handicapped (*see*, 9 NYCRR parts 1100-1102). Since there is no allegation that the injured plaintiff is physically handicapped, that report is not relevant to this accident. While the plaintiffs have made much of the fact that the ramp was not marked with noticeable stripes, there is no statutory requirement that this be done.

As the plaintiffs submitted no evidence that would raise a triable issue of fact as to whether a dangerous or defective condition existed, the Supreme Court properly awarded the defendant summary judgment (*see, Fargot v Pathmark Stores,* 264 AD2d 708; *Robinson v Lupo,* 261 AD2d 525).