■ AUBREY T. DANCY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [806 NYS2d 630]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 3, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that on December 16, 2000, he sustained injuries when he slipped on an icy/snowy platform portion of a stairway outside his residence in Queens, which was owned by the defendant. The defendant submitted climatological data showing that two days before the plaintiff's accident, the weather conditions were freezing rain, ice pellets, and sleet totaling slightly more than one inch of precipitation. In the two hours immediately preceding the accident, only trace amounts of precipitation were reported.

The Supreme Court properly denied the defendant's motion for summary judgment. Contrary to the defendant's contention, it was not entitled to judgment as a matter of law dismissing the complaint based on the "storm-in-progress" rule. CPLR 4528 provides that "[a]ny record of the observations of the weather, taken under the direction of the United States weather bureau, is prima facie evidence of the facts stated." The climatological data submitted by the defendant demonstrated that there was no storm-in-progress at the time of the plaintiff's accident (*see e.g. Perlicz v Redeemer Lutheran Church*, 229 AD2d 378 [1996]).

Although the defendant established its prima facie entitlement to summary judgment by demonstrating that no icy/snowy condition existed and that it had no notice of the alleged condition, even without considering the affidavit of the plaintiff's notice witness, the plaintiff raised a triable issue of fact as to the existence of an icy/snowy condition and whether the defendant had constructive notice and a reasonably sufficient amount of time to remedy the alleged condition (*see Fox v Kamal Corp.*, 271 AD2d 485 [2000]; *Skolnik v Big & Tall Men's Shop*, 257 AD2d 565 [1999]). Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.