■ JYOTHULA BULLI RAJU, Respondent, v CORTLANDT TOWN CENTER, Appellant. [834 NYS2d 211]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered September 16, 2005, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he slipped and fell on a patch of "icy snow" in a parking lot located on the defendant's premises. After the plaintiff commenced this action to recover damages for personal injuries, the defendant moved for summary judgment, claiming that it lacked actual or constructive notice of the hazardous condition which caused the accident. The Supreme Court denied the defendant's motion and we affirm.

A defendant may be held liable for a slip-and-fall incident involving snow and ice on its property upon a showing that, among other things, the defendant had actual or constructive notice of the allegedly dangerous condition (*see Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]). Thus, "[o]n a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law" (*Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). The defendant made no such showing here. Viewing the evidence in the light most favorable to the nonmoving party, as we must (*see Fleming v Graham*, 34 AD3d 525, 526 [2006]; *Makaj v Metropolitan Transp. Auth.*, 18 AD3d 625, 626 [2005]), the plaintiff did not testify that the ice patch on which he allegedly slipped was not visible. Moreover, although the plaintiff acknowledged in his deposition testimony that he could not specify the length of time that the patch of ice had been present on the ground before the occurrence, the defendant failed to submit any evidence showing that the allegedly dangerous

condition existed for an insufficient length of time for them to have discovered and remedied it, as is its burden (*see Pearson v Parkside Ltd. Liab. Co.*, 27 AD3d 539 [2006]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.