■ DOMINIC DeSTEFANO, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [838 NYS2d 599]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County

(Solomon, J.), dated April 25, 2006, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he slipped and fell on an icy area of the public sidewalk of 27th Avenue in Brooklyn, which abuts a ballpark that is part of Lafayette High School. Although the notice of claim served upon the defendant City of New York stated that the plaintiff's accident occurred at approximately 8:00 P.M. on February 3, 2000, according to the plaintiff's General Municipal Law § 50-h testimony, the accident occurred between 6:00 P.M. and 7:00 P.M. The plaintiff testified that he observed a sheet of ice at the location after he fell.

The City demonstrated its entitlement to judgment as a matter of law by submitting proof, including climatology data records, demonstrating that a storm which started at approximately 6:00 P.M. was in progress during the evening when the plaintiff's fall occurred (*see Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]). As noted by the Court in *Valentine v City of New York* (86 AD2d 381, 384 [1982], *affd* 57 NY2d 932 [1982]), "[R]esponsibility for ice conditions arises, at the most, only after the lapse of a reasonable time for taking protective measures and never while a storm is still in progress" (*see also Gray v City of New York*, 33 AD3d 857 [2006], quoting *Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]). Furthermore, a lull in the storm does not impose a duty on the owner to remove the accumulation of snow or ice before the storm ceases in its entirety (*see Dowden v Long Is. R.R., supra; Camacho v Garcia*, 273 AD2d 835 [2000]). In opposition, the plaintiff failed to submit proof demonstrating the presence of an issue of fact as to whether there was a snow storm in progress on the evening of February 3, 2000 in the location of his fall. We reject the argument of the plaintiff's attorney, predicated on the climatological evidence submitted by the defendants, that there were only trace amounts of snow caused by the storm, which could not have caused the plaintiff to fall. We also reject, as pure speculation, the argument by the plaintiff's attorney that the plaintiff fell on a "pre-existing snow and/or ice condition" on the ground rather than on a fresh accumulation (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972 [1994]; *Yen Hsia v City of New York*, 295 AD2d 565 [2002]; *Chapman v City of New York*, 268 AD2d 498 [2000]; *Abaya v City of New York*, 257 AD2d 446 [1999]).

Moreover, even if the "storm in progress" doctrine were inap-

plicable, in response to the City's prima facie demonstration that it did not create or have actual or constructive notice of the icy spot on the sidewalk where the plaintiff allegedly fell, the plaintiff's opposing proof failed to demonstrate the existence of any triable issue of fact (*see Krichevskaya v City of New York*, 30 AD3d 471 [2006]; *Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716 [2006]; *Pizarro v Grenadier Realty Corp.*, 5 AD3d 652 [2004]; *Gutierrez v City of New York*, 292 AD2d 419 [2002]; *Wines v City of New York*, 283 AD2d 639 [2001]; *Booth v City of New York*, 272 AD2d 357 [2000]; *Drevis v City of New York*, 257 AD2d 595 [1999]; *Davis v City of New York*, 255 AD2d 356 [1998]). Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the City.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.