■ DONALD CLARKE, Respondent, v RON PACIE et al., Respondents, and MURDER MYSTERY, INC., Appellant. [855 NYS2d 269]—

In an action to recover damages for personal injuries, the defendant Murder Mystery, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 19, 2007, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the appellant.

On the morning of December 16, 2003 the plaintiff allegedly was injured when he slipped and fell on the driveway of a house as he was delivering a package. The property was owned by the defendants Ron Pacie and Joni Pacie, who leased space in the house to their business, the defendant Murder Mystery, Inc. (hereinafter Murder Mystery). Murder Mystery moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it neither created the allegedly dangerous icy condition nor had actual or constructive notice thereof. The Supreme Court denied the motion, and we affirm.

In support of its motion, Murder Mystery submitted, inter alia, the plaintiff's deposition testimony. The plaintiff testified that it had last snowed in the area some two days before the accident, and that he had slipped on 1 of 10 ice patches he observed in the driveway. Moreover, on the issue of notice, Murder Mystery submitted no meteorological or climatological evidence suggesting any significant temperature fluctuation following the efforts to clear the driveway of snow and ice. Under these circumstances, Murder Mystery failed to establish its entitlement to judgment as a matter of law, and therefore its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it was properly denied (*see Musso v Macray Movers, Inc.,* 33 AD3d 594 [2006]; *Martinez v City of New York,* 20 AD3d 513 [2005]). Fisher, J.P., Miller, Carni and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 30902(U).]