■ RENEE TAYLOR, Appellant, v ROCHDALE VILLAGE, INC., Defendant and Third-Party Plaintiff-Respondent. MALATESTA PALADINO, INC., Third-Party Defendant-Respondent. [875 NYS2d 561]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered September 18, 2007, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court entered February 13, 2008, as, upon renewal and reargument, adhered to the determination in the order entered September 18, 2007, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the appeal from the order entered September 18, 2007 is dismissed, as that order was superseded by the order

entered February 13, 2008, made upon renewal and reargument; and it is further,

Ordered that the order entered February 13, 2008 is reversed insofar as appealed from, on the law, upon renewal and reargument, so much of the order entered September 18, 2007, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint is vacated, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff alleges that she was injured on December 28, 2002, at about 8:00 P.M., when she slipped and fell on a patch of ice in a parking lot owned by the defendant. After the commencement of this action, the defendant moved, inter alia, for summary judgment dismissing the complaint, arguing, among other things, that it lacked actual or constructive notice of the allegedly dangerous condition. The Supreme Court granted that branch of the defendant's motion and, upon renewal and reargument, adhered to its original determination. We reverse the order made upon renewal and reargument insofar as appealed from.

"A defendant may be held liable for a slip-and-fall incident involving snow and [or] ice on its property upon a showing that . . . the defendant had actual or constructive notice of the allegedly dangerous condition" (*Raju v Cortlandt Town Ctr.*, 38 AD3d 874, 874 [2007]; *see Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]). "On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law" (*Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). Here, the defendant failed to make such a showing.

The evidence demonstrated that there was a significant snowfall three days before the accident occurred. The plaintiff testified at her deposition that, on the day of the accident, she had traversed the parking lot at 9:00 A.M., or 11 hours before she fell, and had observed patches of ice; she further testified that she had traversed the lot again at about 6:30 or 7:00 P.M. that same day, and it appeared to be in the same condition as it was when she had been there in the morning. The defendant did not submit any evidence as to when it last inspected the parking lot prior to the accident or as to the condition of the lot on the day of the accident.

Accordingly, viewing the evidence in the light most favorable to the nonmoving party (*see Fleming v Graham,* 34 AD3d 525,

526 [2006]; *Makaj v Metropolitan Transp. Auth.,* 18 AD3d 625, 626 [2005]), the defendant failed to meet its burden of demonstrating that the allegedly dangerous condition existed for an insufficient length of time for it to have discovered and remedied that condition (*see Pearson v Parkside Ltd. Liab. Co.,* 27 AD3d 539 [2006]). Therefore, that branch of its motion which was for summary judgment dismissing the complaint should have been denied (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Clarke v Pacie,* 50 AD3d 841 [2008]; *Raju v Cortlandt Town Ctr.,* 38 AD3d 874 [2007]), regardless of the sufficiency of the plaintiff's opposition papers. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.