■ WAYNE MAZZELLA, JR., Appellant, v CITY OF NEW YORK, Respondent. (Action No. 1.) WAYNE MAZZELLA, SR., Individually and as Administrator of the Estate of JOSEPH MAZZELLA, Deceased, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. (Action No. 2.) [899 NYS2d 291]—

In two related actions to recover damages for personal injuries (action No. 1) and wrongful death, etc. (action No. 2), which were joined for trial, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated October 30, 2008, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint in action No. 1 and dismissing the complaint in action No. 2 insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 14, 2004, between 10:30 P.M. and 11:00 P.M., the plaintiff in action No. 1, Wayne Mazzella, Jr., was driving his car north on Korean Veterans Parkway in Staten Island with his 15-year-old brother Joseph Mazzella, who was in the passenger seat. Freddy Alvaro was driving his car south on Korean Veterans Parkway at the same time. Both Alvaro and Wayne Mazzella, Jr., testified at their depositions that it was snowing heavily, and that conditions were poor. Suddenly, the vehicle driven by Wayne Mazzella, Jr., veered across the median, and the front of Alvaro's car collided with the passenger side of Mazzella's vehicle. Joseph Mazzella was killed in the collision. Wayne Mazzella, Jr., was injured, and he testified that he had no memory of the accident.

Wayne Mazzella, Jr., commenced an action against the defendant City of New York, and Wayne Mazzella, Sr., as administrator of the estate of Joseph Mazzella and on his own behalf, commenced a separate action against both the City and Wayne Mazzella, Jr. The actions were joined for trial. The City moved, inter alia, for summary judgment dismissing the complaint in action No. 1 and dismissing the complaint in action No. 2 insofar as asserted against it, arguing that it was entitled to summary judgment because the accident occurred while the storm was still in progress. The Supreme Court, among other things, granted that branch of the City's motion which was for summary judgment dismissing the complaint in action No. 1 and dismissing the complaint in action No. 2 insofar as asserted against it. The plaintiffs in both actions appeal, and we affirm.

A municipality is obligated to keep the streets within its jurisdiction in a reasonably safe condition for travel (*see Gonzalez v City of New York*, 148 AD2d 668, 670 [1989]; *Hooker v Town of Hanover*, 247 App Div 623, 625 [1936]). "To render a municipality liable for an injury caused by the presence of snow and ice on the streets," the plaintiff must establish that "the condition constitutes an unusual or dangerous obstruction to travel and that either the municipality caused the condition or a sufficient time had elapsed to afford a presumption of the existence of the condition and an opportunity to effect its removal" (*Gonzalez v City of New York*, 148 AD2d at 670 [citations omitted]; *see Williams v City of New York*, 214 NY 259, 264 [1915]).

Under the storm in progress rule, the City generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Skouras v New York City Tr. Auth.*, 48 AD3d 547 [2008]; *see also Mandel v City of New York*, 44 NY2d 1004, 1005 [1978]). A lull in the storm does not impose a duty on the City to remove the accumulation of snow or ice before the storm ceases in its entirety (*see DeStefano v City of New York*, 41 AD3d 528 [2007]). But "if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (*Powell v MLG Hillside Assoc.*, 290 AD2d 345, 345-346 [2002]; *see Dancy v New York City Hous. Auth.*, 23 AD3d 512 [2005]).

Here, the City demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the storm was still in progress at the time of the accident. In op-

position, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaints in both actions insofar as asserted against it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In view of the foregoing, we do not address the parties' remaining contentions. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.