■ Parvin Roofeh, Appellant, v 141 Great Neck Road Condominium, Respondent. [925 NYS2d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered August 17, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

"A party may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow or ice during a storm upon a showing that it had actual or construc-

tive notice of the dangerous condition and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures" (*Robles v City of New York*, 255 AD2d 305, 306 [1998]; *see Krichevskaya v City of New York*, 30 AD3d 471 [2006]).

Contrary to the Supreme Court's determination, the defendant failed to make a prima facie showing of its entitlement to summary judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). To establish that it had no actual or constructive notice of the allegedly dangerous icy condition, the defendant relied upon the deposition of its doorman, Mauricio Castillo, who testified that he shoveled and salted the walkway several times during his midnight to 8:00 A.M. shift. However, Castillo's testimony conflicted with the deposition testimony of the doorman supervisor, Adolfo Quintanilla, that Castillo was working the 8:00 A.M. to 4:00 P.M. shift. Additionally, Castillo's testimony that the plaintiff slipped and fell at 8:00 A.M. and that it was snowing at the time conflicted with the plaintiff's deposition testimony—also submitted by the defendant in support of its motion—that she fell between noon and 1:00 P.M., and that it was "cloudy and cold" at the time of her accident. "In view of this conflicting evidence, the defendant[ ] failed to sustain their burden of demonstrating the absence of any material issue of fact" (*Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d 1015, 1016 [2009]).

Since the defendant failed to meet its prima facie burden, the Supreme Court should have denied the defendant's motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.