■ HELEN SABATINO, Appellant, v 425 OSER AVENUE, LLC, Defendant/Third-Party Plaintiff-Respondent. AAA MAINTENANCE, LLC, Third-Party Defendant-Respondent. [930 NYS2d 598]—

On January 16, 2006, the plaintiff's now-deceased husband, Richard Sabatino (hereinafter the decedent), was injured when he slipped and fell on snow and ice in the parking lot of a commercial building owned by the defendant 425 Oser Avenue, LLC (hereinafter Oser). According to the decedent's 2007 deposition testimony, the accident occurred at about 1:00 P.M. on a Monday afternoon as he was returning to the building after his lunch break. The decedent recalled that it had snowed over the weekend prior to his accident, and that on Monday afternoon three to five inches of snow still covered the surface of the parking lot, which did not appear to have been plowed. As of the date of the accident, the third-party defendant, AAA Maintenance, LLC (hereinafter AAA), was contractually required to provide snow removal services to Oser when snowfall levels reached two inches or greater. The plaintiff and the decedent commenced this action against Oser. After the completion of discovery, Oser moved for summary judgment dismissing the complaint on the ground that it lacked actual or constructive notice of the alleged dangerous condition which caused the accident, and the plaintiff and her decedent cross-moved for leave to serve a supplemental summons and amended complaint adding AAA as a defendant in the main action. The Supreme Court

granted Oser's motion and denied the plaintiffs' cross motion. The decedent died while the appeal from the order was pending, the plaintiff was appointed as the representative of his estate, and the plaintiff was substituted for him. We reverse the order insofar as appealed from.

Contrary to the Supreme Court's determination, Oser failed to make a prima facie showing of its entitlement to judgment as a matter of law. A defendant may be held liable for a dangerous condition on its premises caused by the accumulation of snow or ice upon a showing that it had actual or constructive notice of the condition, and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures (see Roofeh v 141 Great Neck Rd. Condominium, 85 AD3d 893 [2011]; Taylor v Rochdale Vil., Inc., 60 AD3d 930, 931 [2009]; Kaehler-Hendrix v Johnson Controls, Inc., 58 AD3d 604, 606 [2009]). In support of its motion for summary judgment, Oser submitted the deposition testimony of its facilities manager, who testified that, when he inspected the parking lot approximately two hours after snow stopped falling on Sunday, January 15, 2006, the parking lot had already been plowed, a mixture of sand and salt had been applied, and only a minimal "dusting" of snow remained. Oser additionally relied upon the deposition testimony of AAA's principal, who similarly testified, based on his review of invoices, that plowing and sanding were performed on January 15, 2006. However, Oser also submitted the deposition testimony of the decedent, who maintained that three to five inches of snow still covered the parking lot on the afternoon of Monday, January 16, 2006, and that no plowing appeared to have been performed. In view of this conflicting testimony, Oser failed to sustain its burden of demonstrating the absence of any triable, material issue of fact as to whether it had constructive notice of the allegedly dangerous condition in the parking lot, and whether a reasonably sufficient time had elapsed after the cessation of the snowfall to enable it to take remedial measures (see Roofeh v 141 Great Neck Rd. Condominium, 85 AD3d 893 [2011]; Taylor v Rochdale Vil., Inc., 60 AD3d at 931; Kaehler-Hendrix v Johnson Controls, Inc., 58 AD3d at 606-607). Since Oser failed to meet its prima facie burden, the Supreme Court should have denied its motion, regardless of the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Roofeh v 141 Great Neck Rd. Condominium, 85 AD3d at 894; Medina v La Fiura Dev. Corp., 69 AD3d 686, 687 [2010]).

Furthermore, the Supreme Court should have granted the cross motion of the plaintiff and the decedent for leave to serve

a supplemental summons and amended complaint adding AAA as a defendant in the main action. As a general rule, leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted in the absence of prejudice or surprise resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see Jablonski v Jakaitis*, 85 AD3d 969, 971 [2011]; *Scofield v DeGroodt*, 54 AD3d 1017 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 226-227 [2008]). Here, the proposed amended complaint asserting a cause of action against AAA is not palpably insufficient or patently devoid of merit on its face, and AAA, which has participated in the litigation since its early stages as a third-party defendant, did not establish that it would be prejudiced or surprised by any delay in seeking to add it as a defendant in the main action. Skelos, J.P., Eng, Austin and Miller, JJ., concur.