■ JACLYN RABINOWITZ, as Administratrix of PAUL ROSENTHAL, Deceased, Appellant, v LENORE MARCOVECCHIO, Respondent. [989 NYS2d 305]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 26, 2013, which granted the defendant's renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"A defendant may be held liable for a dangerous condition on its premises caused by the accumulation of snow or ice upon a showing that it had actual or constructive notice of the condition, and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures" (*Sabatino v 425 Oser Ave., LLC,* 87 AD3d 1127, 1128 [2011]; *see Roofeh v 141 Great Neck Rd. Condominium,* 85 AD3d 893, 893-894 [2011]; *Robles v City of New York,* 255 AD2d 305, 306 [1998]). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi,* 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.,* 6 NY3d 734 [2005]; *McCurdy v KYMA Holdings, LLC,* 109 AD3d 799 [2013]; *Smith v Christ's First Presbyt. Church of Hempstead,* 93 AD3d 839, 840 [2012]).

On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (*see Valentine v City of New York,* 57 NY2d 932, 933-934 [1982]; *Sie v Maimonides Med. Ctr.,* 106 AD3d 900 [2013]; *Lanos v Cronheim,* 77 AD3d 631 [2010]). A lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety (*see Mazzella v City of New York,* 72 AD3d 755 [2010]; *DeStefano v City of New York,* 41 AD3d 528 [2007]). But "if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (*Mazzella v City of New York,* 72 AD3d at 756 [internal quotation marks omitted]; *see Dancy v New York City Hous. Auth.,* 23 AD3d 512 [2005]; *Powell v MLG Hillside Assoc.,* 290 AD2d 345, 345-346 [2002]).

Here, in support of her renewed motion, the defendant established her prima facie entitlement to judgment as a matter of law by submitting evidence, including certified climatological data and an expert affidavit from a forensic meteorologist, that demonstrated that she did not have a reasonable opportunity after the snow storm ended to correct the hazard which allegedly caused the subject accident (*see Sie v Maimonides Med. Ctr.*, 106 AD3d at 900; *Lanos v Cronheim*, 77 AD3d at 632-633). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's renewed motion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.