■ HERBIE FENNER, JR., et al., Appellants, v 1011 ROUTE 109 CORP., Doing Business as DUNKIN DONUTS BASKIN ROBBINS, et al., Respondents. (And a Third-Party Action.) [996 NYS2d 341]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), dated October 7, 2013, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The injured plaintiff allegedly sustained personal injuries when he slipped and fell on snow and ice on the sidewalk/driveway abutting premises owned by the defendant Uniondale Post No. 1487, Inc., American Legion, and leased to the defend-

ant 1011 Route 109 Corp., doing business as Dunkin Donuts Baskin Robbins (hereinafter together the defendants). After the plaintiffs commenced this action, the defendants moved for summary judgment dismissing the complaint on the ground that they did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court granted the motion. We reverse.

"A defendant may be held liable for a dangerous condition on its premises caused by the accumulation of snow or ice upon a showing that it had actual or constructive notice of the condition, and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures" (*Sabatino v 425 Oser Ave., LLC*, 87 AD3d 1127, 1128 [2011]; *see Rabinowitz v Marcovecchio*, 119 AD3d 762 [2014]; *Robles v City of New York*, 255 AD2d 305, 306 [1998]). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Yassa v Awad*, 117 AD3d 1037, 1037-1038 [2014]; *Cheung v New York City Tr. Auth.*, 106 AD3d 768 [2013]; *McGowan v State of New York*, 79 AD3d 984, 986 [2010]). A lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety (*see Mazzella v City of New York*, 72 AD3d 755 [2010]; *DeStefano v City of New York*, 41 AD3d 528 [2007]). However, "if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (*Mazzella v City of New York*, 72 AD3d at 756 [internal quotation marks omitted]; *see Cheung v New York City Tr. Auth.*, 106 AD3d 768 [2013]; *Dancy v New York City Hous. Auth.*, 23 AD3d 512 [2005]; *Powell v MLG Hillside Assoc.*, 290 AD2d 345 [2002]).

Contrary to the Supreme Court's determination, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law. The defendants did not submit any climatological data in support of their motion, and the deposition testimony of various witnesses submitted in support of their motion presented conflicting evidence as to how much snow fell and at what time the storm stopped, if at all, in relation to the time of the plaintiff's accident. These submissions failed to eliminate triable issues of fact as to whether the de-

fendants had constructive notice of the allegedly dangerous condition, and whether a reasonably sufficient amount of time had elapsed after the cessation of the snowfall to enable them to take remedial measures (*see Sabatino v 425 Oser Ave., LLC*, 87 AD3d at 1128; *Roofeh v 141 Great Neck Rd. Condominium*, 85 AD3d 893 [2011]; *Taylor v Rochdale Vil., Inc.*, 60 AD3d 930 [2009]). Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.