■ ANTOINETTE SCARLATO, Respondent, v TOWN OF ISLIP, Appellant. [22 NYS3d 593]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 25, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured on February 26, 2010, when she slipped and fell on a snow and ice condition on a sidewalk at MacArthur Airport, which is owned by the defendant. Following discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's fall occurred during an ongoing snow and ice storm before the defendant's duty to clear the premises arose. The Supreme Court denied the motion.

"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Fisher v Kasten*, 124 AD3d 714 [2015]). "A lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety" (*Rabinowitz v Marcovecchio*, 119 AD3d 762, 762 [2014]; *see Mazzella v City of New York*, 72 AD3d 755 [2010]; *DeStefano v City of New York*, 41 AD3d 528 [2007]).

Here, contrary to the plaintiff's contention and the Supreme Court's determination, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff and certified climatological records from MacArthur Airport which demonstrated that the plaintiff's fall occurred during a storm in progress (*see Fisher v Kasten*, 124 AD3d at 714). The plaintiff testified at her deposition that the weather was "clear" at another location approximately two hours before her accident, but this testimony was insufficient to raise a triable issue of fact as to whether the storm was in progress at the airport when she fell. Similarly, the affidavit of the plaintiff's son, submitted in opposition to the motion, established that no efforts were made to clear the sidewalk until after the plaintiff fell and, at most, provided some evidence of a mere lull in the storm, which was insufficient to raise a triable issue of fact (*see Rabinowitz v Marcovecchio*, 119 AD3d at 762). Moreover, the plaintiff's own meteorological expert confirmed that the climatological records demonstrated that the condition upon which the plaintiff fell was created during a single storm which was ongoing at the time of her accident. Accordingly, the court should have granted the defendant's motion for summary judgment dismissing the complaint.

In view of the foregoing, the defendant's remaining contention need not be considered. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.