Weiss v Kraus Mgt., Inc. (2018 NY Slip Op 06051)





Weiss v Kraus Mgt., Inc.


2018 NY Slip Op 06051


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-10386
 (Index No. 2595/14)

[*1]Shulem Weiss, respondent, 
v
Kraus Management, Inc., et al., appellants.


Pillinger Miller Tarallo, LLP, Elmsford, NY (Michael Neri of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Gregory T. Cerchione, Brian J. Isaac, and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 9, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained when he slipped and fell on ice on a driveway. The defendants moved for summary judgment dismissing the complaint, contending that the storm in progress rule applied. The Supreme Court denied the motion, and the defendants appeal.
The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law based on the storm in progress rule. The evidence submitted by the defendants failed to establish that the ice upon which the plaintiff slipped was the result of an ongoing storm as opposed to an accumulation of ice from prior snowfalls (see Morales v Davidson Apt., LLC, 157 AD3d 884, 885; McBryant v Pisa Holding Corp., 110 AD3d 1034, 1035-1036; Dancy v New York City Hous. Auth., 23 AD3d 512, 513). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the evidence submitted by the plaintiff in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court