Cespedes v City of New York (2019 NY Slip Op 07943)





Cespedes v City of New York


2019 NY Slip Op 07943


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-05034
 (Index No. 3887/15)

[*1]Gloria Cespedes, appellant, 
v
City of New York, respondent, et al., defendants.


Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Susan Paulson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 1, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In the late afternoon of February 19, 2014, the plaintiff allegedly slipped and fell on a patch of ice on a sidewalk in Queens. The sidewalk had been shoveled, and snow was piled along the side of the sidewalk abutting the street. The plaintiff was walking with her dog on the side of the sidewalk that had been shoveled. As she was walking, she came across a dog that had no collar or leash. Concerned that the unleashed dog would attack her dog, the plaintiff stepped backward two or three steps onto a patch of ice, and slipped and fell. The plaintiff commenced this action against the City of New York and the abutting property owners to recover damages for personal injuries she sustained in the accident. During her deposition, she described the ice, which she only saw after she fell, as thick, dark, and dirty. On a photograph, the plaintiff marked the area where the accident occurred as the area of the sidewalk closer to the street, where snow was piled.
The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that it did not create the alleged ice condition or have actual or constructive notice of it, and that the alleged condition was not unusual or dangerous. In opposition, the plaintiff submitted an affidavit in which she stated that the patch of ice upon which she fell was "two (2) inches thick, mis-leveled, hard, and dirty," and an affidavit from an expert who concluded that the ice was from "water and/or compaction of snow from storms on February 15 or prior." The Supreme Court granted the City's motion on the ground that the alleged ice condition was not unusual or dangerous. The plaintiff appeals.
"A municipality is obligated to keep the streets within its jurisdiction in a reasonably safe condition for travel," and this duty " extends to the removal of dangerous and exceptional accumulations of snow and ice'" (Gonzalez v City of New York, 148 AD2d 668, 670, quoting [*2]Williams v City of New York, 214 NY 259, 264; Mazzella v City of New York, 72 AD3d 755, 756). " To render a municipality liable for an injury caused by the presence of snow and ice on the streets,'" it must be established that " the condition constitutes an unusual or dangerous obstruction to travel and that either the municipality caused the condition or a sufficient time had elapsed to afford a presumption of the existence of the condition and an opportunity to effect its removal'" (Mazzella v City of New York, 72 AD3d at 756, quoting Gonzalez v City of New York, 148 AD2d at 670; see Valentine v City of New York, 86 AD2d 381, 383, affd 57 NY2d 932). This rule applies to sidewalks (see Williams v City of New York, 214 NY at 264; Davis v City of New York, 255 AD2d 356; Valentine v City of New York, 86 AD2d at 383). "Generally, whether a municipality was negligent in permitting extraordinary accumulations of snow to exist for an unreasonable period of time or whether it had a reasonable opportunity to remedy the condition are questions for the jury" (Gonzalez v City of New York, 148 AD2d at 670; see Davis v City of New York, 255 AD2d 356).
Here, in opposition to the City's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the City had constructive notice of the ice condition that allegedly caused the plaintiff to fall and whether the ice condition was unusual or dangerous. The evidence indicated that a clear path had been shoveled on the sidewalk, but that, due to repeated snow storms, snow and ice remained in the area of the sidewalk close to the street. When the plaintiff stepped backward to avoid the unleashed dog, she stepped in the area of the sidewalk closer to the street, upon which there was a two-inch thick patch of ice of unspecified size. There is no evidence that the patch of ice was unusual or dangerous.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court