Cartolano v Cornwell Ave. Elementary Sch. (2020 NY Slip Op 02758)





Cartolano v Cornwell Ave. Elementary Sch.


2020 NY Slip Op 02758


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-08940
 (Index No. 600407/14)

[*1]Dolores A. Cartolano, respondent,
v
Cornwell Avenue Elementary School, et al., appellants, et al., defendants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellants.
Michael A. De Vito (Law Offices of Michelle S. Russo, P.C., Port Washington, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Cornwell Avenue Elementary School and West Hempstead Union Free School District appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered April 15, 2019. The order denied the motion of the defendants Cornwell Avenue Elementary School and West Hempstead Union Free School District for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On January 28, 2013, at approximately 3:25 p.m., the plaintiff allegedly sustained personal injuries when she slipped and fell on the exterior grounds of Cornwell Avenue Elementary School, in Nassau County. The plaintiff subsequently commenced this action against, among others, Cornwell Avenue Elementary School and West Hempstead Union Free School District (hereinafter together the defendants). The plaintiff alleged that she fell because there was an accumulation of sleet, snow, and/or ice on a curb cut where the accident occurred. She further alleged, inter alia, that the curb cut was defectively designed and constituted a dangerous condition. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. The defendants appeal.
"A defendant may be held liable for a dangerous condition on its premises caused by the accumulation of snow or ice upon a showing that it had actual or constructive notice of the condition, and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures" (Sabatino v 425 Oser Ave., LLC, 87 AD3d 1127, 1128; see Fenner v 1011 Rte. 109 Corp., 122 AD3d 669, 670). "Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Acocal v City of Yonkers, 179 AD3d 630; Allen v New York City Tr. Auth., 172 AD3d 1285, 1286).
Here, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that there was a storm in progress at the time of the plaintiff's accident or that they did not have a reasonable opportunity after the cessation of the storm to remedy the alleged dangerous condition (see Morris v Home Depot USA, 152 AD3d 669, 670-671; Fenner v 1011 Rte. 109 Corp., 122 AD3d at 670-671). In support of their motion, the defendants did not submit any climatological data. The evidence proffered by them, which included a transcript of the plaintiff's testimony at a General Municipal Law § 50-h hearing and a transcript of the plaintiff's deposition testimony, presented a triable issue of fact, inter alia, as to the actual weather conditions existing at the time of the alleged accident. At the General Municipal Law § 50-h hearing, the plaintiff testified that when her alleged accident occurred "it was not coming down like snow but it was rainy." In contrast, at her deposition, the plaintiff testified that snow started falling "before" 2:00 p.m., and that, at the time of her accident, it was "still snowing."
Similarly, the defendants failed to satisfy their prima facie showing of entitlement to judgment as a matter of law as to whether the curb cut was defectively designed or constituted a dangerous condition (see Levy v Cumberland Farms, 269 AD2d 361, 362).
Since the defendants failed to meet their prima facie burden, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court