Bodoff v Cedarhurst Park Corp. (2023 NY Slip Op 00839)

Bodoff v Cedarhurst Park Corp.

2023 NY Slip Op 00839

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-06616
 (Index No. 606698/15)

[*1]Bonnie Bodoff, et al., respondents,
v
Cedarhurst Park Corp., et al., appellants.

Crafa & Sofield, P.C., Garden City, NY (Joseph R. Crafa of counsel), for appellants.
Bamundo Zwal Schermerhorn & Caffrey, LLP, New York, NY (Michael C. Zwal of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated August 24, 2020. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, inter alia, to recover damages for personal injuries allegedly sustained when the injured plaintiff slipped and fell on ice on the morning of January 5, 2014. The defendants moved for summary judgment dismissing the complaint, contending that the storm in progress rule applied. The Supreme Court, among other things, denied the motion, and the defendants appeal.
"Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Casey-Bernstein v Leach & Powers, LLC, 170 AD3d 651, 652 [internal quotation marks omitted]; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735).
According to certified meteorological data and a meteorologist's affidavit submitted by the defendants in support of their motion, only trace amounts of precipitation, totaling less than one-tenth of an inch, fell between approximately 7:00 a.m. and 1:00 p.m. on the date of the incident, and there was no snowfall on the day prior to the incident. The defendants' other submissions, including excerpts of the transcript of the injured plaintiff's deposition, present triable issues of fact as to whether any precipitation occurred at or near the time that she slipped and fell. Thus, the defendants failed to establish, prima facie, that there was a storm in progress at the time of the accident (see Edmund-Hunter v Toussie, 190 AD3d 946, 947; Haraburda v City of New York, 168 AD3d 485, 486; McBryant v Pisa Holding Corp., 110 AD3d 1034; Dancy v New York City Hous. Auth., 23 AD3d 512, 513). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see Winegrad v New [*2]York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention, regarding their lack of constructive notice of the alleged dangerous condition, was improperly raised for the first time in their reply papers (see U.S. Bank N.A. v Crockett, 201 AD3d 767, 769).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court