Velasquez v New York City Tr. Auth. (2025 NY Slip Op 02176)

Velasquez v New York City Tr. Auth.

2025 NY Slip Op 02176

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 452050/18|Appeal No. 4108|Case No. 2024-05662|

[*1]Daniel Velasquez, Respondent,
v
New York City Transit Authority, Appellant.

Anna J. Ervolina, Deputy General Counsel, MTA Law Department, Brooklyn (Theresa Frame of counsel), for appellant.

Order, Supreme Court, New York County (Richard Tsai, J.), entered July 26, 2024, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court properly denied defendant's motion for summary judgment because defendant did not establish prima facie that there was an ongoing storm at the time plaintiff slipped and fell. Defendant submitted both plaintiff's testimony that it was raining at the time of the accident and certified climatological reports showing that it had not rained in the 20 hours before the accident. Thus, defendant's submissions raised an issue of fact as to whether the storm-in-progress doctrine applies (see Abramo v City of Mount Vernon, 103 AD3d 760, 761 [2d Dept 2013]; Howard v J.A.J. Realty Enters., 283 AD2d 854, 855-856 [3d Dept 2001]; see also Mosley v General Chauncey M. Hooper Towers Hous. Dev. Fund Co., Inc., 48 AD3d 379, 380 [1st Dept 2008]). Although plaintiff did not point out that the meteorological reports showed no precipitation, the court did not err by reviewing the records presented to it and determining that they did not support defendant's characterization of them (see Dancy v New York City Hous. Auth., 23 AD3d 512, 513 [2d Dept 2005]). Given these conflicts, defendant's motion for summary judgment was properly denied, regardless of the sufficiency of plaintiff's opposition papers (see Bodoff v Cedarhurst Park Corp., 213 AD3d 802, 803 [2d Dept 2023]).
Furthermore, defendant did not establish that it lacked constructive notice of the alleged worn step because it failed to address that allegation in its moving papers (see Jones v 550 Realty Hgts., LLC, 89 AD3d 609, 609 [1st Dept 2011]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025