OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Claimant, a New York State Trooper, slipped and fell on an icy sidewalk outside the trooper barracks in Newburgh. The sidewalk is located on property owned and maintained by defendant New York State Thruway Authority. Claimant commenced this personal injury action against the Authority, alleging that it negligently failed to maintain the sidewalk by failing to remove ice and/or place salt after a winter storm. Following discovery, both parties moved for summary judgment. As relevant here, the Authority argued that it was entitled to judgment as a matter of law under the “storm in progress” doctrine. The Court of Claims denied the parties’ motions, finding questions of fact as to whether a storm was in progress at the time of claimant’s fall. The Appellate Division reversed and granted the Authority summary judgment (120 AD3d 792 [2d Dept 2014]). We granted claimant leave to appeal (25 NY3d 905 [2015]) and now affirm.
Although a landowner owes a duty of care to keep his or her property in a reasonably safe condition, he “will not be held liable in negligence for a plaintiff’s injuries sustained as the result of an icy condition occurring during an ongoing storm or *1021 for a reasonable time thereafter” (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]). The Authority established prima facie that it was entitled to judgment as a matter of law by submitting uncontroverted evidence that a storm was ongoing at the time of claimant’s fall. Claimant admitted at his deposition that “an ice storm” had taken place the night before the accident, and an “intermittent wintry mix” of snow, sleet and rain persisted the next morning until 6:50 a.m., when claimant arrived at the trooper barracks for work. Claimant testified, and a certified weather report confirmed, that it was still raining at 8:15 a.m. when he walked to his vehicle and slipped on a patch of ice. The undisputed facts that precipitation was falling at the time of claimant’s accident and had done so for a substantial time prior thereto, while temperatures remained near freezing, established that the storm was still in progress and that the Authority’s duty to abate the icy condition had not yet arisen. In opposition, claimant failed to raise a triable issue of fact.
Therefore, the Appellate Division properly granted the Authority’s motion for summary judgment dismissing the complaint.