Cammarata v Holy Name of Mary R.C. Church (2018 NY Slip Op 04304)





Cammarata v Holy Name of Mary R.C. Church


2018 NY Slip Op 04304


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-03767
 (Index No. 7984/14)

[*1]Frank Cammarata, et al., appellants, 
v
Holy Name of Mary Roman Catholic Church, respondent.


Coiro, Wardi, Chinitz & Silverstein, Bronx, NY (Joseph T. Coiro of counsel), for appellants.
Mulholland, Minion, Duffy, Davey, McNiff & Beyrer, Williston Park, NY (Stephanie E. Kass of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered February 22, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Frank Cammarata (hereinafter the plaintiff), and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action to recover damages for injuries the plaintiff alleges that he sustained when he slipped and fell on an icy condition on the exterior steps of the defendant's property in Nassau County. The defendant moved for summary judgment dismissing the complaint, contending that, pursuant to the storm-in-progress doctrine, it could not be held liable for the plaintiff's injuries. The Supreme Court granted the motion. The plaintiffs appeal.
Pursuant to the storm-in-progress doctrine, a landowner who owes a duty of care to keep his or her property in a reasonably safe condition will not be liable in negligence for a plaintiff's injuries as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021; Solazzo v New York City Tr. Auth., 6 NY3d 734, 735). Here, the defendant established its entitlement to judgment as a matter of law by demonstrating, prima facie, that a storm was in progress at the time of the accident through the affidavit of a witness who was at the location when the plaintiff fell and through the deposition testimony of the plaintiff (see Sherman v New York State Thruway Auth., 27 NY3d at 1021; Meyers v Big Six Towers, Inc., 85 AD3d 877, 878; DeStefano v City of New York, 41 AD3d 528, 529). The witness stated in his affidavit that when he had arrived at the defendant's property that day, the steps were dry and there was no precipitation, but upon leaving, an icy rain was falling. Likewise, the plaintiff testified at his deposition that when he arrived at the defendant's property that day, the steps were dry and no precipitation was falling. He also testified that precipitation was falling when the accident happened as he was leaving the property approximately 40 minutes later. In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court