Pennino v Brooklyn Kings Plaza, LLC (2020 NY Slip Op 05217)





Pennino v Brooklyn Kings Plaza, LLC


2020 NY Slip Op 05217


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-02996
 (Index No. 4004/14)

[*1]Alfred Pennino, appellant, 
v
Brooklyn Kings Plaza, LLC, et al., respondents.


Krentsel & Guzman, LLP (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Joshua H. Stern of counsel), for respondent Brooklyn Kings Plaza, LLC.
Hoffman Roth & Matlin, LLP, New York, NY (Joshua R. Hoffman of counsel), for respondent Universal Allied Services, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 27, 2017. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff alleges that on February 13, 2014, at approximately 8:00 p.m., he slipped and fell on snow and ice in a parking garage, which was exposed to the elements on three sides. The parking garage was owned by the defendant Brooklyn Kings Plaza, LLC (hereinafter Plaza). Plaza hired the defendant Universal Allied Services, Inc. (hereinafter Universal), to perform snow and ice removal services.
The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing, among other things, that the plaintiff's fall occurred during an ongoing winter storm, before the duty to clear the premises arose. By order dated December 27, 2017, the Supreme Court granted those branches of the motions. The plaintiff appeals.
A landowner will not be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020; Smilowitz v GCA Serv. Group, Inc., 101 AD3d 1101). "A lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety" (Rabinowitz v Marcovecchio, 119 AD3d 762, 762; see Sherman v New York State Thruway Auth., 27 NY3d at 1020; Mazzella v City of New York, 72 AD3d 755; DeStefano v City of New York, 41 AD3d 528).
Here, the defendants established their prima facie entitlement to judgment as a matter of law. The defendants demonstrated, through the affidavits of expert meteorologists and other evidence, that a winter storm producing snow, other wintry precipitation, and blizzard-like conditions began in the early morning hours of February 13, 2014, and continued until the morning of February 14, 2014. Indeed, on February 13, Governor Andrew Cuomo declared a State Disaster Emergency, and a winter storm warning was issued for the tri-state area continuing until 6:00 a.m. on February 14, 2014. Although there was a lull in the storm on February 13, during which there was only rain, light rain, or drizzle recorded, the winter weather resumed and a further accumulation of snow occurred (see Sherman v New York State Thruway Auth., 27 NY3d at 1020). Further, the expert and climatological evidence submitted by the defendants was consistent with the plaintiff's testimony at his deposition that it was snowing when he got into the ambulance after his fall. Accordingly, the defendants demonstrated, prima facie, that the plaintiff's accident occurred during an ongoing storm (see id.; Scarlato v Town of Islip, 135 AD3d 738, 739).
In opposition, the plaintiff failed to raise a triable issue of fact either as to whether the storm had ceased at the time of the accident or whether the ice condition on which the plaintiff fell existed prior to the storm on February 13 (see Campanella v St. John's Univ., 176 AD3d 913; Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1216).
The plaintiff's remaining contentions are without merit.
Therefore, we agree with the Supreme Court's determination to grant those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court