In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 21, 2016, as granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lucia Tribuzio.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lucia Tribuzio is denied.
 

 The plaintiff alleged that she slipped and fell on ice that was located on the exterior steps of premises in Brooklyn owned or controlled by the defendants. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.
 

 The Supreme Court erred in granting that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lucia Tribuzio based on the storm in progress rule. “Under the ‘storm in progress rule,’ a landowner ‘generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter’ ” (Weller v Paul, 91 AD3d 945, 947 [2012], quoting Mazzella v City of New York, 72 AD3d 755, 756 [2010]). Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Lucia based on the storm in progress rule. The climatological data submitted by the defendants in support of their motion contradicted the plaintiff’s deposition testimony, which the defendants also submitted, as to whether precipitation was falling at or near the time of the accident. Since the evidence submitted by the defendants was in conflict and, thus, could not establish, prima facie, that the storm in progress rule applied (see Abramo v City of Mount Vernon, 103 AD3d 760, 761 [2013]; Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d 1177, 1177 [2012]; Weller v Paul, 91 AD3d at 947; Lester v Ackerman, 82 AD3d 847, 847 [2011]), the court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Lucia, regardless of the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.