Daniel v East Williston Union Free Sch. Dist. (2020 NY Slip Op 01044)





Daniel v East Williston Union Free Sch. Dist.


2020 NY Slip Op 01044


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-13535
 (Index No. 605089/15)

[*1]Jessu Daniel, et al., respondents, 
v
East Williston Union Free School District, appellant, et al., defendant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant East Williston Union Free School District appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered October 23, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On January 26, 2015, at approximately 1:00 p.m., the plaintiff Jessu Daniel (hereinafter the injured plaintiff) allegedly slipped and fell on a clear sheet of ice on a sidewalk located on school premises within the defendant East Williston Union Free School District (hereinafter the School District). At the time of the accident, the injured plaintiff was walking to pick up his daughter from school, which had dismissed its students early due to snow. The injured plaintiff, and his wife suing derivatively, commenced this action against the School District and the Incorporated Village of East Williston to recover damages for personal injuries, alleging negligent maintenance of the sidewalk. The School District moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the grounds that the storm in progress rule applied and it lacked actual or constructive notice of the alleged dangerous condition. In an order entered October 23, 2018, the Supreme Court denied the motion. The School District appeals, and we affirm.
Under the storm in progress rule, "[a] property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1021). In support of its motion, the School District submitted the report of a meteorologist with attached climatological data, which established that two days prior to the injured plaintiff's fall, on January 24, 2015, approximately 3.7 inches of snow and sleet fell, and that on the morning of the accident, a certain amount of snow and ice cover was present from that prior storm. The report further established that light snow fell on the morning of January 26, 2015, and that later in the day, approximately 8 inches of snow fell. The [*2]School District's meteorologist opined that at 1:00 p.m. on January 26, 2015, approximately 0.5 to 1.5 inches of snow and ice was present on untreated, undisturbed, and exposed outdoor surfaces as a result of the storm that was then in progress and the precipitation that had fallen on January 24, 2015.
Although the School District established, prima facie, that a storm was ongoing at the time of the injured plaintiff's fall, that same evidence raised a triable issue of fact as to whether the ice upon which the injured plaintiff fell was a result of the storm that had occurred two days prior, rather than the storm that was then in progress. Further, in opposition to the motion, the plaintiffs submitted the affidavit of a meteorologist, with attached climatological data. In the affidavit, the plaintiffs' meteorologist opined that considering the weather conditions over the subject three-day period, including that there was only a small amount of precipitation on the morning of the accident prior to the injured plaintiff's fall, the sheet of ice upon which the injured plaintiff slipped was a result of a preexisting condition on the sidewalk from the January 24, 2015, storm, and it did not form on January 26, 2015. Accordingly, we agree with the Supreme Court's determination that there were triable issues of fact as to whether the icy condition that caused the injured plaintiff's fall existed prior to the storm in progress and whether the School District had constructive notice of the hazard, which precluded an award of summary judgment (see Isabel v New York City Hous. Auth., 171 AD3d 714, 715; Washington v Trustees of the M.E. Church of Livingston Manor, 162 AD3d 1368, 1370; Gervasi v Blagojevic, 158 AD3d 613, 614; Burniston v Ranric Enters. Corp., 134 AD3d 973, 974; McLaughlin v 22 New Scotland Ave., LLC, 132 AD3d 1190, 1191).
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court