Kearse v 40 Wall St. Holdings Corp. (2020 NY Slip Op 04296)





Kearse v 40 Wall St. Holdings Corp.


2020 NY Slip Op 04296


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-04463
 (Index No. 9515/15)

[*1]Brendan Kearse, appellant, 
v
40 Wall Street Holdings Corp., et al., respondents.


Pena & Kahn, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated February 13, 2019. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated September 26, 2018, granting the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order dated February 13, 2019, is reversed insofar as appealed from, on the law, with costs, the determination in the order dated September 26, 2018, is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly slipped and fell on snow or ice on a Manhattan sidewalk at approximately 2:30 p.m. on January 26, 2015, in front of premises allegedly owned by the defendants. The plaintiff commenced this action to recover damages for his personal injuries, alleging, inter alia, that the defendants were negligent in the maintenance of the sidewalk. The defendants moved for summary judgment dismissing the complaint on the grounds that the storm in progress rule applied and they lacked actual or constructive notice of the alleged dangerous condition, which they did not create. In an order dated September 26, 2018, the Supreme Court granted the motion. The plaintiff moved for leave to reargue his opposition to the summary judgment motion. In an order dated February 13, 2019, the court granted reargument, but, upon reargument, adhered to its original determination granting the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals from the order dated February 13, 2019. We reverse.
Under the storm in progress rule, "[a] property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735). Here, in support of their summary judgment motion, the defendants submitted climatological data which showed that on January 26, 2015, trace amounts of snow fell in the morning, and that the snow began to increase in intensity at about the time of the accident and continued into the next day. [*2]That same data, however, also showed that 3.6 inches of snow fell on January 24, 2015, and that 2 inches of snow depth remained on January 26, 2015. Although the defendants established that a snowstorm was in progress at the time of the plaintiff's fall, the defendants failed to establish that the plaintiff's fall was a result of an icy condition which developed as a result of the snowfall on January 26, and not that of January 24 (see Daniel v East Williston Union Free Sch. Dist.,180 AD3d 750). Notably, while the defendants provided evidence of their general snow removal practices, they provided no evidence regarding any specific removal efforts following the January 24 storm, including on January 26 prior to the plaintiff's fall. Thus, the defendants failed to establish that the plaintiff slipped and fell on an icy condition that was a product of the storm in progress, or that they lacked constructive notice of a preexisting condition (see id.; Isabel v New York City Hous. Auth., 171 AD3d 714, 715; Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684; Hyun Kyung Oh v Sky View Towers Holding, LLC, 167 AD3d 725, 726; Gervasi v Blagojevic, 158 AD3d 613, 614). Accordingly, upon reargument, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court