Itzkowitz v Valley Natl. Bank Corp. (2021 NY Slip Op 08171)





Itzkowitz v Valley Natl. Bank Corp.


2021 NY Slip Op 08171


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-06447
 (Index No. 604625/16)

[*1]Deborah E. Itzkowitz, appellant, 
v
Valley National Bank Corp., et al., respondents.


Mark E. Weinberger, P.C., Rockville Centre, NY (Eric M. Parchment of counsel), for appellant.
Perez & Cariello, Uniondale, NY (Alex M. Temple of counsel), for respondent Valley National Bank Corp.
Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman of counsel), for respondent Snow It All, Ltd.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 4, 2019. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Valley National Bank Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Valley National Bank Corp., and one bill of costs to the defendant Snow It All, Ltd., payable by the plaintiff.
On February 2, 2015, at approximately 12:00 p.m., the plaintiff allegedly was injured when she slipped and fell on ice on a sidewalk abutting premises owned by the defendant Valley National Bancorp, incorrectly sued herein as Valley National Bank Corp. (hereinafter VNB). The plaintiff subsequently commenced this personal injury action against VNB and its snow removal contractor, the defendant Snow It All, Ltd. (hereinafter SIA). The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. By order entered April 4, 2019, the Supreme Court granted those branches of both motions. The plaintiff appeals.
With respect to VNB's motion, a defendant property owner moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (see Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215). Under the "storm in progress" rule, a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate [*2]period of time has passed following the cessation of the storm, within which time the owner has the opportunity to ameliorate the hazards caused by the storm (see Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840).
Here, VNB failed to demonstrate its prima facie entitlement to judgment as a matter of law based on the storm in progress rule, as the climatological data from a neighboring county, which it submitted in support of its motion, was inconsistent with the plaintiff's deposition testimony, the transcript of which VNB also submitted in support of its motion (see Zempoalteca v Ginsberg, 159 AD3d 1024; Yassa v Awad, 117 AD3d 1037, 1038). Further, VNB failed to offer evidence demonstrating that it lacked constructive notice of the ice condition on which the plaintiff allegedly fell, which she described during her deposition as a one-inch thick sheet of ice covering the entire sidewalk in front of VNB's premises (see Carro v Colonial Woods Condominiums, 178 AD3d 893, 894; Coelho v S & A Neocronon, Inc., 178 AD3d 662, 664; Kyung Sook Park v Caesar Chemists, 245 AD2d 425, 426). A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case (see Lauzon v Stop & Shop Supermarket, 188 AD3d 856). Accordingly, that branch of VNB's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied.
With respect to SIA's motion, a contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "[A]n exception to this rule applies where the contracting party, in failing to exercise reasonable care in the performance of contractual duties, launches a force or instrument of harm, such as by creating or exacerbating a dangerous condition" (Eliav v Parker Queens, LP, 175 AD3d 1245, 1246; see Espinal v Melville Snow Contrs., 98 NY2d at 140). Here, SIA established its prima facie entitlement to judgment as a matter of law by demonstrating, in response to the allegations in the plaintiff's pleadings, that it did not create or exacerbate a dangerous condition on the premises (see Mathey v Metropolitan Transp. Auth., 95 AD3d 842, 844). In particular, SIA established that, at 4:00 a.m. on the day of the plaintiff's accident, it had cleared the subject sidewalk up to the curb and spread calcium chloride on it. In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, that branch of SIA's motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly granted.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court