Beaton v City of New York (2021 NY Slip Op 04477)





Beaton v City of New York


2021 NY Slip Op 04477


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-01394
 (Index No. 7352/12)

[*1]Laurel Beaton, appellant, 
v
City of New York, respondent.


Mallilo & Grossman, Flushing, NY (Lorenzo Tasso of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Melanie T. West and D. Alan Rosinus, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated December 6, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained on January 7, 2011, at about 3:50 p.m., when she slipped and fell on ice on a curb in Kings County. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the storm in progress doctrine applied. The Supreme Court granted the motion. The plaintiff appeals.
"A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215). This burden may be satisfied by "presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Edmund-Hunter v Toussie, 190 AD3d 946; Acocal v City of Yonkers, 179 AD3d 630, 631).
Here, the defendant failed to meet its initial burden as the movant. Contrary to the defendant's contention, the three pages of climatological data that it submitted in support of its motion should have been authenticated because these pages themselves did not indicate that the data contained therein was "taken under the direction of the United States weather bureau" (CPLR 4528). In any event, the climatological data was gathered from a neighboring county, and it was inconsistent with the plaintiff's testimony at a General Municipal Law § 50-h hearing that light snow fell about [*2]six hours prior to the accident. Under the circumstances, the defendant failed to establish, prima facie, that a storm was in progress at the time of the accident or that it did not have a reasonable opportunity after the cessation of the storm to remedy the alleged slippery condition (see Itzkowitz v Valley Natl. Bank Corp., 191 AD3d 962, 963; Zempoalteca v Ginsberg, 159 AD3d 1024; Yassa v Awad, 117 AD3d 1037, 1038; Lotenberg v Long Is. R.R., 34 AD3d 435).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court