Taormina-Fucci v 100-02 Rockaway Blvd. 26, LLC (2022 NY Slip Op 00210)





Taormina-Fucci v 100-02 Rockaway Blvd. 26, LLC


2022 NY Slip Op 00210


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-09827
 (Index No. 703396/17)

[*1]Cheryl Taormina-Fucci, appellant, 
v
100-02 Rockaway Blvd. 26, LLC, respondent.


Scott Baron & Associates, P.C., Howard Beach, NY (Andrea R. Palmer of counsel), for appellant.
Barry McTiernan & Moore, LLC, New York, NY (Laurel A. Wedinger and David H. Schultz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered July 18, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In or about March 2017, the plaintiff commenced this action against the defendant to recover damages for personal injuries she alleged she sustained in March 2015 when she slipped and fell on ice in a parking lot owned by the defendant. The plaintiff alleged, among other things, that the defendant was negligent in failing to maintain the parking lot in a reasonably safe condition. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the storm in progress defense barred the plaintiff's claims. In an order entered July 18, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the defendant demonstrated good cause for its delay in making its motion for summary judgment, and the Supreme Court providently exercised its discretion in entertaining the late motion (see CPLR 3212[a]; Chou v A to Z Vending Serv. Corp., 36 AD3d 745, 745).
However, the Supreme Court should have denied the defendant's motion, as the defendant failed to establish, prima facie, its entitlement to judgment as a matter of law (see Kearse v 40 Wall St. Holdings Corp., 185 AD3d 1015, 1016-1017). Although the defendant submitted evidence, which included, among other things, a weather report authored by its expert meteorologist which established, prima facie, that a storm was ongoing at the time of the plaintiff's fall, the defendant also submitted the transcript of the plaintiff's deposition testimony which raised triable issues of fact as to whether the ice upon which the plaintiff fell was the result of a prior storm, rather than the storm that was then in progress, and whether the defendant had constructive notice of the preexisting condition (see id. at 1016; see e.g. Daniel v East Williston Union Free Sch. Dist., 180 [*2]AD3d 750, 751-752).
Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition to the motion need not be reached (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court