McCullagh v City of New York (2022 NY Slip Op 00173)





McCullagh v City of New York


2022 NY Slip Op 00173


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-13077
 (Index No. 702006/15)

[*1]William McCullagh, respondent,
v
City of New York, appellant.


Georgia M. Pestana, Corporation Counsel, New York, NY (Claude S. Platton and Kate Fletcher of counsel), for appellant.
Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered October 22, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained when he slipped and fell on ice on a walkway leading to the rear entrance of the Queens County Criminal Court. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the storm in progress rule applied and that it neither created nor had notice of the ice condition. In an order entered October 22, 2019, the Supreme Court denied the motion, and the defendant appeals.
A defendant property owner moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (see Giambruno v Albrechet, 192 AD3d 671, 672; Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003; Ghent v Santiago, 173 AD3d 693, 694; Castillo v Silvercrest, 134 AD3d 977). The defendant's prima facie burden "may be satisfied by 'presenting evidence that there was a storm in progress when the . . . plaintiff allegedly slipped and fell'" (Beaton v City of New York, 196 AD3d 625, 626, quoting Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 83, 839-840). "'Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm'" (Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687, quoting Amato v Brookhaven Professional Park L.P., 162 AD3d 620, 620).
Here, the defendant failed to meet its prima facie burden. The defendant's evidence, including climatological data from nearby areas, was insufficient to demonstrate, prima facie, that a storm was in progress at the time of the accident or that it did not have a reasonable opportunity [*2]after the cessation of the storm to remedy the alleged slippery condition (see Cartolano v Cornwell Ave. Elementary Sch., 183 AD3d 689; Casey-Bernstein v Leach & Powers, LLC, 170 AD3d 651; Morris v Home Depot USA, 152 AD3d 669). The defendant also failed to otherwise establish, prima facie, that it neither created the ice condition that caused the plaintiff to fall nor had actual or constructive notice of the condition (see Ghent v Santiago, 173 AD3d at 694; Castillo v Silvercrest, 134 AD3d 977). The defendant's submissions failed to eliminate triable issues of fact as to whether the ice condition was formed when snow piles created by the defendant's snow removal efforts melted and refroze (see Viera v Rymdzionek, 112 AD3d 915, 916; Braun v Weissman, 68 AD3d 797), and as to when the area was last inspected prior to the plaintiff's fall (see Coelho v S & A Neocronon, Inc., 178 AD3d 662, 663; Rong Wen Wu v Arniotes, 149 AD3d 786, 787-788). In addition, the defendant failed to establish, prima facie, that it could not be liable for any failure to clear the walkway pursuant to Administrative Code of the City of New York § 16-123(a). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, it is unnecessary to review the sufficiency of the papers submitted by the plaintiff in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court