Stukes v New York City Hous. Auth. (2022 NY Slip Op 01829)





Stukes v New York City Hous. Auth.


2022 NY Slip Op 01829


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-13637
 (Index No. 579/16)

[*1]Kelvin Stukes, appellant, 
v
New York City Housing Authority, respondent.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Cullen & Dykman, LLP, New York, NY (Kevin C. McCaffrey and Kenneth S. Buffaloe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated September 18, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell on snow and ice on a walkway within a housing complex in Brooklyn owned by the defendant. In his bill of particulars, the plaintiff alleged that he slipped and fell on a "longstanding condition of ice." The defendant moved for summary judgment dismissing the complaint, contending that the storm in progress rule applied. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint based on the storm in progress rule. The evidence submitted by the defendant in support of its motion failed to establish, prima facie, that the ice upon which the plaintiff slipped was the result of an ongoing storm as opposed to the result of prior snowfalls (see Weiss v Kraus Mgt., Inc., 164 AD3d 1292, 1293; Morales v Davidson Apts., LLC, 157 AD3d 884, 885). A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case (see Itzkowitz v Valley Natl. Bank Corp., 191 AD3d 962, 964). Since the defendant failed to meet its initial burden as the movant, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court