Licari v Brookside Meadows, LLC (2023 NY Slip Op 01284)

Licari v Brookside Meadows, LLC

2023 NY Slip Op 01284

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-05861
 (Index No. 50229/18)

[*1]Vincent Licari, et al., appellants, 
v
Brookside Meadows, LLC, et al., respondents.

Finkelstein & Partners, LLP, Newburgh, NY (Andrew L. Spitz of counsel), for appellants.
Black Marjieh & Sanford LLP, Elmsford, NY (Brendan Lanigan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated July 17, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff Vincent Licari (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on ice that formed in the crevice of a cracked walkway located in an apartment complex owned and controlled by the defendants. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. In their verified bill of particulars, the plaintiffs alleged that the icy condition existed prior to the accident and resulted from precipitation occurring days prior to the accident.
The defendants moved for summary judgment dismissing the complaint on the ground that the storm in progress rule applied. The plaintiffs opposed the motion. The Supreme Court granted the defendants' motion, determining that the defendants established their prima facie entitlement to summary judgment pursuant to the storm in progress rule and that, in opposition, the plaintiffs failed to raise a triable issue of fact. The court further determined that the plaintiffs failed to establish that the injured plaintiff's fall was caused by ice that existed prior to the storm and that the defendants had actual or constructive notice of a preexisting dangerous condition that caused his fall. The plaintiffs appeal.
Under the storm in progress rule, "[a] property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735). While "[a] lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety" (Fenner v 1011 Rte. 109 Corp., 122 AD3d 669, 670), "'if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would [*2]dictate that the rule not be applied'" (Mazzella v City of New York, 72 AD3d 755, 756, quoting Powell v MLG Hillside Assoc., L.P., 290 AD2d 345, 345-346).
Contrary to the Supreme Court's determination, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint based on the storm in progress rule. The defendants submitted transcripts of the deposition testimony of the plaintiffs and the defendants' representatives, who gave conflicting testimony as to the weather conditions at the approximate time of the accident (see Zempoalteca v Ginsberg, 159 AD3d 1024; see also Pecoraro v Tribuzio, 155 AD3d 1057). In addition, the defendants' submissions failed to eliminate all triable issues of fact as to whether the ice upon which the injured plaintiff slipped existed prior to the day of the accident and whether the defendants lacked actual or constructive notice of a preexisting condition (see Stukes v New York City Hous. Auth., 203 AD3d 980; Kearse v 40 Wall St. Holdings Corp., 185 AD3d 1015; Viera v Rymdzionek, 112 AD3d 915).
Since the defendants failed to meet their burden as the movants, it is not necessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court