Cassino-Sharp v Whispering Hills Home Owners Assn., Inc. (2023 NY Slip Op 04107)

Cassino-Sharp v Whispering Hills Home Owners Assn., Inc.

2023 NY Slip Op 04107

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-09285
 (Index No. 12450/18)

[*1]Lauren Cassino-Sharp, appellant, 
v
Whispering Hills Home Owners Association, Inc., respondent, et al., defendant.

The Law Offices of Justin D. Brandel, PLLC, New York, NY, for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Kevin J. Murtagh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated December 2, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Whispering Hills Home Owners Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Whispering Hills Home Owners Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
As is relevant to this appeal, in December 2018, the plaintiff commenced this action to recover damages for personal injuries she alleged that she sustained in March 2018 when she slipped and fell on ice on an exterior staircase within a condominium complex owned and managed by the defendant Whispering Hills Home Owners Association, Inc. (hereinafter the defendant). The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that the storm-in-progress rule applied. The Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
"A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215). "This burden may be satisfied by 'presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell'" (Beaton v City of New York, 196 AD3d 625, 626, quoting Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Beaton v City of New York, 196 [*2]AD3d at 626).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. In support of its motion, the defendant submitted, inter alia, the deposition testimony of the plaintiff, who testified, among other things, that it was not snowing at the time that she fell on the icy stairs, which failed to eliminate triable issues of fact as to whether a storm was in progress at the time of the accident (see Beaton v City of New York, 196 AD3d at 626; Itzkowitz v Valley Natl. Bank Corp., 191 AD3d 962, 963), whether the plaintiff slipped and fell on a preexisting condition, and whether the defendant had constructive notice of this condition (see Taormina-Fucci v 100-02 Rockaway Blvd. 26, LLC, 201 AD3d 766, 767; Itzkowitz v Valley Natl. Bank Corp., 191 AD3d at 963).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court