Braxton v Brown (2024 NY Slip Op 02162)

Braxton v Brown

2024 NY Slip Op 02162

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-02432
 (Index No. 66092/21)

[*1]Keyona Braxton, appellant, 
v
Desmond Brown, respondent.

Peña & Kahn, PLLC, Bronx, NY (Eric J. Gottfried of counsel), for appellant.
Correia, Conway & Stiefeld, White Plains, NY (Nicole E. Duke of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated February 23, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she slipped and fell on ice on an exterior staircase at a property owned by the defendant. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the storm in progress rule applied and that he did not cause or create the ice condition. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant property owner moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (McCullagh v City of New York, 201 AD3d 714, 715; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). "This burden may be satisfied by 'presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell'" (Beaton v City of New York, 196 AD3d 625, 626, quoting Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840). "Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Amato v Brookhaven Professional Park L.P., 162 AD3d 620, 620; see McCullagh v City of New York, 201 AD3d at 715).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint based on the storm in progress rule. In support of his motion, the defendant submitted, inter alia, a transcript of the plaintiff's deposition testimony in which she testified that it was not snowing when the incident occurred (see Cassino-Sharp v. Whispering Hills Home Owners Assn., Inc., 219 AD3d 457, 459; Laronga v Atlas-Suffolk Corp., 164 AD3d 893, 895). [*2]Moreover, the report of the defendant's meteorologist had no probative value, as it was unsworn, and the records upon which the meteorologist relied in forming his opinion were not attached to the report (see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524, 525; see also Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618-619).
The defendant also failed to establish, prima facie, that the snow removal efforts he undertook approximately four to five hours prior to the accident did not create or exacerbate the allegedly hazardous condition upon which the plaintiff slipped and fell (see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d at 525).
Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied his motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court