Genutis v 555 Dekalb Ave., LLC (2025 NY Slip Op 04765)

Genutis v 555 Dekalb Ave., LLC

2025 NY Slip Op 04765

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2024-10879
 (Index No. 508765/18)

[*1]Lauren Genutis, respondent, 
v
555 Dekalb Avenue, LLC, et al., appellants.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for appellants.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated August 7, 2024. The order denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell on a sidewalk adjacent to the defendants' property. The defendants moved for summary judgment dismissing the amended complaint. In an order dated August 7, 2024, the Supreme Court denied the motion. The defendants appeal.
The defendants contend that the evidence submitted in support of the summary judgment motion established that the plaintiff slipped and fell on snow and that this claim is barred by the storm in progress rule. "Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (McCullagh v City of New York, 201 AD3d 714, 715; [internal quotation marks omitted]; see Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751). Here, the defendants failed to eliminate triable issues of fact as to whether the plaintiff's injuries were the result of a preexisting condition (see Votra v Village of Cambridge, 235 AD3d 1165, 1165; Ahmed v Fulton Nostrand, LLC, 229 AD3d 441, 442).
Alternatively, the defendants argue that, assuming the plaintiff tripped and fell on a sidewalk defect, they established entitlement to summary judgment by demonstrating that the alleged defect was trivial or that they did not create the alleged defect or have actual or constructive notice of its existence.
"A defendant seeking dismissal of a complaint on the basis that an alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not [*2]increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Abreu v Pursuit Realty Group, LLC, 232 AD3d 751, 752 [alteration and internal quotation marks omitted]; see Rubin v Sivan Merrick, LLC, 235 AD3d 789, 790). "Generally, the issue of whether a dangerous or defective condition exists . . . depends on the facts of each case and is a question of fact for the jury" (Burtis v Town of Hempstead, 237 AD3d 885, 886 [internal quotation marks omitted]; see Abreu v Pursuit Realty Group, LLC, 232 AD3d at 752). "There is no minimal dimension test or per se rule that the condition must be of a certain height or depth in order to be actionable" (Rubin v Sivan Merrick, LLC, 235 AD3d at 790 [internal quotation marks omitted]; see Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury'" (Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d at 655, quoting Trincere v County of Suffolk, 90 NY2d 976, 978; see Burtis v Town of Hempstead, 237 AD3d at 887).
"Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Snyder v AFCO Avports Mgt., LLC, 232 AD3d 209, 213 [internal quotation marks omitted]; see Abreu v Pursuit Realty Group, LLC, 232 AD3d at 752). "'[A] defendant may establish, prima facie, that an alleged defect was trivial as a matter of law and, thus, not actionable, even without submitting an objective measurement of the alleged defect's dimensions'" (Burtis v Town of Hempstead, 237 AD3d at 887, quoting Snyder v AFCO Avports Mgt., LLC, 232 AD3d at 215). "However, . . . a defendant moving for summary judgment who does not submit an objective measurement of the alleged defect has greater difficulty and often fails to demonstrate triviality as a matter of law" (id. [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 82-84).
Here, the evidence relied upon by the defendants, including, inter alia, a transcript of the plaintiff's deposition testimony, as well as a photograph of the allegedly defective sidewalk condition, was insufficient to establish, prima facie, that the height differential was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks the alleged defect posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79-80; Abreu v Pursuit Realty Group, LLC, 232 AD3d at 752-753). It is impossible to ascertain or to reasonably infer the extent of the defect from the photograph submitted (see Rubin v Sivan Merrick, LLC, 235 AD3d at 791; Abreu v Pursuit Realty Group, LLC, 232 AD3d at 753; Snyder v AFCO Avports Mgt., LLC, 232 AD3d at 216).
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law on the ground that they lacked actual or constructive notice of the defect. "[A] defendant moving for summary judgment has the burden of establishing, prima facie, that it did not create the allegedly dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Vella v UBM Holdings, Inc., 216 AD3d 1051, 1053; see Cabanas v Qiu Yu Zou, 215 AD3d 726, 726-728). "To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last . . . inspected relative to the time when the plaintiff fell" (Paraskevopoulos v Voun Corp., 216 AD3d 983, 984 [alteration and internal quotation marks omitted]; see Harrington v New York City Tr. Auth., 223 AD3d 789, 789). Here, the defendants failed to present any evidence regarding when the sidewalk was last inspected prior to the plaintiff's accident (see Rubin v Sivan Merrick, LLC, 235 AD3d at 791; Paraskevopoulos v Voun Corp., 216 AD3d at 984).
"An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (La Fleur v Janowitz, 228 AD3d 636, 636 [internal quotation marks omitted]; see O'Brien v Village of Babylon, 196 AD3d 494, 495). Administrative Code of the City of New York § 7-210(a) imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." Therefore, the defendants' contention that they may not be held liable [*3]because they did not derive a special use from the sidewalk is without merit.
Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court