Walker v Jonis Holdings II, LLC (2025 NY Slip Op 07038)

Walker v Jonis Holdings II, LLC

2025 NY Slip Op 07038

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-02491
 (Index No. 601607/18)

[*1]Pia Walker, appellant, 
vJonis Holdings II, LLC, et al., defendants third-party plaintiffs-respondents; Millamar Landscape Services, et al., third-party defendants-respondents.

Bergman Bergman Fields & Lamonsoff, LLP, Hicksville, NY (Clifford D. Gabel, Michael E. Bergman, and Julie T. Mark of counsel), for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Sean Hughes of counsel), for defendants third-party plaintiffs-respondents.
Dodge & Monroy, P.C., Lake Success, NY (Mark T. Scopinich and Peter Dodge of counsel), for third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated March 18, 2021. The order granted the separate motions of the defendants and the third-party defendants for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants and the third-party defendants for summary judgment dismissing the complaint are denied.
The plaintiff allegedly sustained injuries when she slipped and fell on ice in a stairway located on property owned by the defendants, Jonis Holdings II, LLC, and 49th Street Partners Group, LLC (hereinafter together the Jonis defendants). The Jonis defendants had contracted with the third-party defendants, Millamar Landscape Services and Millamar Construction Corp., to provide snow and ice removal services on the subject property. The plaintiff commenced this action to recover damages for personal injuries against the Jonis defendants. The Jonis defendants commenced a third-party action against the third-party defendants, inter alia, seeking common law indemnification and contribution. Following discovery, the Jonis defendants and the third-party defendants separately moved for summary judgment dismissing the complaint. The Supreme Court granted the separate motions. The plaintiff appeals.
The Jonis defendants and the third-party defendants contend that the "storm-in-progress" rule precludes liability. Under the storm-in-progress rule, "a property owner [or, where relevant, a snow removal contractor] will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1014 [internal quotation marks omitted]; see Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751).
Here, while the Jonis defendants and the third-party defendants demonstrated that it was snowing during and immediately prior to the plaintiff's fall, the plaintiff does not allege that she fell solely as the result of the snowfall on the day of the accident. Rather, the plaintiff alleges that she fell as a result of the snow and ice that had previously accumulated on the stairs. She alleges that the ice was therefore a previously existing condition that neither the Jonis defendants nor the third-party defendants had remedied.
The evidence submitted by the Jonis defendants and the third-party defendants in support of their separate motions failed to establish, prima facie, that the ice upon which the plaintiff allegedly slipped resulted solely from the ongoing storm, as opposed to prior snowfalls, as the plaintiff contends (see Cardona v City of New York, 222 AD3d 711, 712; Stukes v New York City Hous. Auth., 203 AD3d 980, 981). Since the Jonis defendants and the third-party defendants failed to meet their initial burden as the movants, the Supreme Court should have denied their separate motions, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The third-party defendants contend, in the alternative, that summary judgment dismissing the complaint is warranted pursuant to the rule set forth in Espinal v Melville Snow Contrs. (98 NY2d 136). Espinal sets forth the limited exceptions to the general rule that a plaintiff in a slip-and-fall personal injury action may not recover directly against a snow removal contractor with whom the plaintiff has no contractual privity (id.). In this case, however, the plaintiff's original complaint asserts causes of action only against the Jonis defendants. The record on appeal does not reflect that the third-party defendants have been added as direct defendants in this action or that a proposed amended complaint filed by the plaintiff, asserting causes of action against the third-party defendants, has become the operative complaint. Insofar as the third-party defendants have not demonstrated that an analysis under Espinal would be relevant to their motion for summary judgment dismissing the complaint, we do not address the merits of the third-party defendants' contentions regarding the applicability of the Espinal exceptions.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court